IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch

Civil Action No. 13-cv-01921-RPM

MERCURY COMPANIES, INC., a Colorado corporation,

    Plaintiff,

v.

COMERICA BANK, a Texas banking association,

    Defendant.

---

**ORDER ON DEFENDANT COMERICA BANK'S APPLICATION FOR
EXPEDITED CONSIDERATION OF MOTION FOR RECONSIDERATION**

---

On February 12, 2014, the Court granted Defendant Comerica Bank's Motion to Dismiss. [Docs. 20 & 21.] Comerica moved for attorneys' fees and expenses fourteen days later. [Doc. 22.] Plaintiff Mercury Companies filed a notice of appeal of the Court's judgment on March 13, 2014. [Doc. 23.] The Court then entered an order deferring ruling on Comerica's fee motion until Mercury's appeal is resolved, reasoning that "the motion for fees does not affect the appeal . . . ." [Doc. 27.]

Comerica has moved the Court to reconsider its deferral ruling on an expedited basis. [Docs. 32 & 34.] Comerica contends that deferral of the ruling will "virtually assure that Comerica could not collect on any fee award . . . given that Mercury is in the midst of completing a final payout under its Chapter 11 liquidation plan and anticipates applying for a final decree on June 30, 2014." [Doc. 36 at 2.] Comerica believes that, after June 30,

Mercury will have no remaining assets that Comerica could use to satisfy an award of attorneys' fees and expenses.

In its Response, Mercury requests a 30-day extension of time to respond to Comerica's Motion for Reconsideration, stating that counsel has a press of business in other cases. [See Doc. 35 at 8-9.] Mercury does not address Comerica's primary contention that expedited reconsideration is warranted because Mercury's bankruptcy will be finalized, and thus all of its remaining assets distributed elsewhere, before the Tenth Circuit can rule on its appeal. At the same time, Mercury discusses, at considerable length, various possible reasons as to why Comerica's fee motion could be denied on the merits, without actually taking a position on those issues. [See Doc. 35 at 3-8.]

Mercury's Response is somewhat puzzling. On the one hand, it claims to not have the time to explain why expedited reconsideration is not warranted, then it goes on to give the Court an in-depth preview of its Response to Comerica's fee motion. The time Mercury spent briefing the merits of Comerica's fee motion could have been directed towards discussing why, in spite of the imminent conclusion of Mercury's bankruptcy proceeding, Comerica would still be able to collect on any fees and expenses awarded in the absence of an expedited ruling on its fee motion. Mercury's Response demonstrates to the Court that deferring consideration of Comerica's fee motion pending appeal could substantially prejudice Comerica, and that expediting consideration of the merits of Comerica's fee motion will not cause Mercury's counsel undue hardship.

Upon the foregoing, it is

ORDERED that Defendant Comerica Bank's Motion for Reconsideration of March 18, 2014 Order Deferring Ruling on Motion for Attorneys' Fees Pending Appeal [Doc. 32] and

its Motion to Expedite Consideration of Motion for Reconsideration [Doc. 34] are granted. Plaintiff Mercury Companies shall have up to and including May 13, 2014 to file its Response to Comerica's Motion for Attorney Fees and Expenses [Doc. 22]. Comerica shall file its Reply no later than May 20, 2014.

Dated: April 14, 2014.

BY THE COURT:

**s/Richard P. Matsch**

_____
Richard P. Matsch
Senior District Judge