IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 13-cv-01921-RPM

MERCURY COMPANIES, INC.,

    Plaintiff,

v.

COMERICA BANK,

    Defendant.

_____

ORDER FOR AWARD OF ATTORNEYS' FEES
_____

On February 26, 2014, the defendant Comerica Bank ("Comerica") filed a motion for award of attorneys' fees and expenses [Doc. 22] seeking $168,511.83 for legal services in obtaining the dismissal of this civil action by this Court's Memorandum Opinion and Order, entered on February 12, 2014 (Doc. 20). The plaintiff, Mercury Companies, Inc. ("Mercury") acknowledges an entitlement to an award under the terms of the Credit Agreement but argues that Comerica cannot now recover it because it failed to file a contingent claim in the bankruptcy proceeding and the debt is thus discharged. That argument is rejected. Mercury voluntarily pursued this action after confirmation of its Chapter 11 Plan which failed to preserve the claims asserted. This, then, creates a post petition debt incurred by Mercury.

Mercury also challenges the reasonableness of the fees requested. It argues that much of the work done by counsel was not necessary because of the briefing done in the related case, *Mer, LLC v. Comerica Bank,* 12-cv-02116-RPM. That case was dismissed without consideration of the merits of the claims made. In this case those

merits were considered in addition to the determination that the claims had not been retained. The forty-page complaint contained detailed factual allegations to support claims for breach of contract and implied covenant of good faith and fair dealing, requiring extensive briefing. The damages sought were $15 million and the briefing of the legal issues was extensive.

Different from ordinary motions to dismiss, extensive factual investigation was required to counter the plaintiff's response brief, including declarations of Tom H. Connolly and Lars H. Fuller.

The award of fees in this case is pursuant to a contract. This differs from requests made under a fee-shifting statute. The defendant is entitled to recover what it actually paid for legal services so long as the amounts paid are reasonable. This does not require a lodestar analysis. Upon consideration of the affidavits and billing information provided, this Court finds and concludes that the amount requested, $168,511.83, is reasonable.

Comerica also seeks payment for services not yet billed in filing its motion for reconsideration of this Court's order deferring determination of the fee request pending appeal. That request was made because of the defendant's concern that it may not recover its fees because Mercury's assets will be distributed pursuant to the Chapter 11 liquidating plan before the appeal is determined.

That request is denied. These services are much like efforts to collect on a judgment and do not come within the terms of the Credit Agreement,

Upon the foregoing, it is

ORDERED, that the defendant, Comerica Bank, shall have and recover from the plaintiff, Mercury Companies, Inc., the amount of $168,511.83 as fees and expenses paid by the defendant in obtaining judgment of dismissal of this civil action.

DATED: June 2nd, 2014

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge